IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YORDANIE CAMACHO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-239 |
| ) | |
| COMMONWEALTH OF ) | |
| PENNSYLVANIA, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM ORDER

Yordanie Camacho ("Camacho"), an inmate at the State Correctional Institution at Forest, commenced this *pro se* action on August 26, 2021 by filing a motion for leave to proceed *in forma pauperis,* accompanied by a document styled "Petition for Writ of Habeas Corpus, Redress of Grievance, and Arbitration." ECF Nos. 1 and 1-1. The matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

On September 3, 2021, Judge Lanzillo entered an order in which he observed that Plaintiff's petition was largely incoherent but appeared to challenge a state conviction pursuant to 28 U.S.C. § 2254. ECF No. 3. As the Magistrate Judge explained, Camacho's petition did not actually reference any underlying criminal conviction or discuss facts that would suggest a viable basis for relief; instead it was "devoted to nonsensical statements regarding 'straw men,' fraudulent bonds, and his averment that Pennsylvania courts '[have] a federal income tax I.D. number' and thus are actually 'Federal Municip[al] Corporation[s]' without the authority to conduct criminal proceedings." ECF No. 3 (first and third alterations in the original); *see* ECF

1

No. 1-1. By way of relief, Camacho sought $5,000,000,000.00 in damages, his release from prison, and an order clearing his record of all charges. *See* ECF No. 1-1, ¶ 10. Because Judge Lanzillo could not discern the true nature of Camacho's claims, he concluded that the petition could not be processed absent further clarification. ECF No. 3. Accordingly, Judge Lanzillo advised Camacho about the distinctions between habeas corpus petitions filed pursuant to 28 U.S.C. §2254 and civil rights lawsuit brought under 42 U.S.C. §1983. *Id.* He instructed Camacho to file an amended petition/complaint, as the case might be, within thirty (30) days; the Magistrate Judge would then screen the pleading to determine whether service was appropriate. *Id.* With those instructions in place, Judge Lanzillo administratively closed the case pending the anticipated amended filing from Camacho.

On April 18, 2022, Camacho filed another motion for leave to proceed *in forma pauperis*, accompanied by a document styled "Petition for Redress of Grievance & Arbitration." ECF Nos. 4, 4-1. The case was reopened on June 2, 2022.

That same day, Judge Lanzillo filed an R&R in which he recommends that the undersigned grant Camacho's pending motion for leave to proceed *in forma pauperis* and dismiss his "Petition for Redress of Grievance & Arbitration" pursuant to §1915(e). ECF No. 8. In his R&R, Judge Lanzillo observed that "[t]he heart of Plaintiff's claim has not changed in his amended pleading, nor has it become easier to decipher." *Id.* at 3. Rather, Judge Lanzillo found that, "to the extent . . . it is coherent," Camacho's argument "invokes the ideologies of the so called 'flesh and blood' movement[,]" *id.* at 4, which other courts "have routinely dismissed . . . as patently frivolous." *Id.* at 7 (citing authority). Judge Lanzillo opined that this Court should reach the same outcome and dismiss the amended petition on the grounds that it is legally frivolous and fails to state a claim upon which relief can be granted. *Id.*

Objections to the R&R were due to be filed on or before June 21, 2022. To date, no objections have been filed.

After *de novo* review of the instant petition, the Magistrate Judge's Report and Recommendation, and all other relevant filings and developments in this case, the following Order is entered:

NOW, this 8th day of July, 2022,

IT IS ORDERED that Petitioner's motion for leave to proceed *in forma pauperis,* ECF No. [4], is GRANTED. Accordingly, the Clerk is directed to file the "Petition for Redress of Grievance & Arbitration," ECF No. [4-1], at a separate docket number.

IT IS FURTHER ORDERED that the "Petition for Redress of Grievance & Arbitration" shall be, and hereby is DISMISSED with prejudice because it is legally frivolous and because it fails to state a claim upon which relief can be granted. Further the defects in the petition are not capable of being cured through further amendment.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, dated June 2, 2022, ECF No. [8], shall be, and hereby is adopted as the opinion of this Court.

There being no further pending matters before the Court, the Clerk is directed to mark this civil action "CLOSED."

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge